IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Fireman's Fund Insurance Co.,            Case No. 3:03CV7168

    Plaintiff

  v.                                                           ORDER

Hartford Accident and Indemnity Co.,

    Defendant/Third-Party Plaintiff

  v.

Dana Corporation,

    Third-Party Defendant

This is a suit by Fireman's Fund Insurance Company (FFIC) against Hartford Accident and Indemnity Company (Hartford) in which FFIC seeks contribution from Hartford for monies expended defending the Dana Corporation (Dana) from claims arising from Dana's ownership of a company that produced asbestos-containing products. Hartford has filed a cross-complaint against Dana for premiums that may become due in the event FFIC prevails in its claim for contribution against Hartford.

Pending is a motion by FFIC to: 1) reactivate a case "perpetually stayed" on March 9, 1992, by former District Judge John W. Potter (*American Insurance Co. v. Celotex Corp.*, No. 85-7997) and

consolidate that case with this case and 2) consolidate another case on this Court's docket (*Dana Corp. v. Fireman's Fund Ins. Co.*, No. 83-1153) with this case.

In addition, FFIC seeks leave to amend its pleadings in both cases to conform its claims against Hartford in those cases with the claim it against it in this case.

Hartford and Dana oppose the motion to reactivate, consolidate, and amend. They point out that *American Insurance* and *Dana Corp.* involve other parties and other claims. They acknowledge, however, that those parties and claims would be dismissed, except for claims involving FFIC, Hartford, and Dana. Such dismissal, Hartford and Dana suggest, would, however, be inconvenient to the court and all parties in all the cases and be wasteful of the court's and litigants' resources.

FFIC, asserting that prejudice to the other parties is the sole benchmark, claims that no prejudice would result to either Hartford or Dana if its motion were granted.

Hartford and Dana, in turn, assert that FFIC's motion is a procedural ploy designed to deflect a claim of laches being raised in this case by enabling Hartford, if it is granted leave to amend its pleadings in the other cases, to assert the "relation back" doctrine as to any new or reformulated claim that it may allege in its amended pleadings.

Aside from the relation back issue, which I do not address in this order, I conclude that granting FFIC's motion makes sense. It will bring, in time, finality to two cases involving issues that, at present appear to be related to and controlled by the dispute in the instant case. Absent consolidation, those cases would float in docket limbo indefinitely.

I note, moreover, that the possibility that a party might seek to reopen *American Insurance* appears to have been contemplated by Judge Potter in his March 9, 1992, order, in which, according to the docket entry, he stated: "Case is perpetually stayed and the case is closed *subject to reopening upon*

*written motion of plaintiff* or any other proper party in interest after either a dismissal of the bankruptcy case, the granting of relief from the stay or for other good cause shown." (Emphasis supplied).

So that the paring down of *American Insurance* and *Dana* to leave only the claims between FFIC, Hartford, and Dana will occur expeditiously, FFIC shall, after consultation with Hartford and Dana, submit an order dismissing all other parties and claims in those cases.

Leave shall also be granted to FFIC to file its amended pleadings.

It is, therefore,

ORDERED THAT:

1. *American Insurance Co. v. Celotex Corp.*, No. 85-7997, be, and the same hereby is transferred from the docket of former United States District Judge John W. Potter to the docket of the undersigned;

2. Motion of Fireman's Fund Insurance Company to reopen *American Insurance* and consolidate that case with this case and consolidate *Dana Corp. v. Fireman's Fund Ins. Co.*, No. 83-1153 with this case and to file amended pleadings granted; and

3. Fireman's Fund Insurance Company to submit order and amended pleadings consistent with this Order on or before July 7, 2005.

4. A telephone scheduling conference is set for July 13, 2005 at 2:00 p.m.

So ordered.

                                                s/James G. Carr  
                                                James G. Carr  
                                                Chief Judge