IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Fireman's Fund Insurance Co.,       Case No. 3:03CV7168

    Plaintiff

    v.      ORDER

Hartford Accident & Indemnity Co.,,

    Defendant and Third-Party Plaintiff,

    v.

Dana Corporation,

    Third-Party Defendant,


This is an insurance coverage case in which third-party defendant Dana Corporation has filed a motion to bar plaintiff Fireman's Fund Insurance Company from asserting that the law of New Jersey applies to the issues in this case. (Doc. 62). Fireman's Fund opposes Dana's motion and has filed a cross-motion seeking to bar Dana from asserting that Ohio law applies. (Doc. 79).

For the reasons that follow, both motions shall be denied.

**Background**

At issue is whether the doctrine of judicial estoppel precludes either or both parties from asserting that, under Ohio choice of law principles, its preferred choice of law result should be reached once this court addresses the choice of law issue.

Once that issue is joined, Fireman's Fund will be contending that New Jersey law is controlling because that is where the putative insured's place of business was located and its activities giving rise to the underlying liability claims occurred. This approach to coverage issues is commonly referred to as the risk/liability approach. *See generally* Restatement of Conflict of Laws (Second), § 193 ("Restatement").

Dana will be contending that, under proper application of Ohio choice of law provisions, Ohio law governs the adjudication of the coverage issue.

Both parties claim that the position to be advanced by the other is a departure from positions asserted in the past in other litigation. Dana points out that Fireman's Fund has argued in four courts (including in this court) that Ohio law is to be applied.

Fireman's Fund points out that Dana claimed successfully in an Indiana proceeding that a risk/liability analysis applied, rather than an approach that would potentially have resulted in a less favorable outcome for Dana on the choice of law issue in that case. *See Hartford Accident & Indemnity Co. v. Dana Corp.*, 690 N.E.2d 285 (Ind. App. 1997).[1]

**Discussion**

---

[1] The policy at issue was a Fireman's Fund policy. The parties disputed whether a pollution exclusion foreclosed coverage for hazardous waste sites for which Dana was responsible. The dispute in this case involves coverage for asbestos-based claims resulting from asbestos produced by a New Jersey company once owned by Dana.

Under the doctrine of judicial estoppel, a party cannot advance inconsistent positions in different courts. The Supreme Court enunciated the attributes of this doctrine, the policies it furthers, and how it is to be applied in *New Hampshire v. Maine,* 532 U.S. 742, 749-751 (2001):

> "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." This rule, known as judicial estoppel, "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase."
>
> Although we have not had occasion to discuss the doctrine elaborately, other courts have uniformly recognized that its purpose is "to protect the integrity of the judicial process," by "prohibiting parties from deliberately changing positions according to the exigencies of the moment," Because the rule is intended to prevent "improper use of judicial machinery," judicial estoppel "is an equitable doctrine invoked by a court at its discretion,"
>
> Courts have observed that "[t]he circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle," Nevertheless, several factors typically inform the decision whether to apply the doctrine in a particular case: First, a party's later position must be "clearly inconsistent" with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled," Absent success in a prior proceeding, a party's later inconsistent position introduces no "risk of inconsistent court determinations," and thus poses little threat to judicial integrity. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.
>
> In enumerating these factors, we do not establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel. Additional considerations may inform the doctrine's application in specific factual contexts.

(Citations omitted)

### 1. Fireman's Fund

Pointing specifically to three other cases involving Fireman's Fund policies purchased by Dana, Dana asserts that Fireman's Fund has, until this point in this litigation, consistently claimed

3

that Ohio law controls interpretation of claims against it for coverage for asbestos-related injuries and damage.

Fireman's Fund acknowledges that that was its position in those cases. Nonetheless, Fireman's Fund states that it is not barred from seeking, under Ohio's choice of law principles, that New Jersey law applies in this case. In support of this contention, it asserts: 1) none of courts in which it argued for Ohio law "accepted" its position; nor was such position outcome determinative; and 2) intervening changes in Ohio choice of law doctrine justify its present contention that New Jersey, rather than Ohio law should control the coverage dispute in this case.

### A. Whether Other Courts "Accepted" the Argument That Ohio Law Was Controlling

To be precluded from asserting an inconsistent position in another court, a litigant's original view must have "succeeded in persuading [the first] court to accept that party's earlier position." *New Hampshire*, *supra*, 532 U.S. at 750. In the Sixth Circuit, this element of judicial estoppel has been interpreted as preventing "a party from prevailing . . . and then relying on a contradictory argument to prevail" in another setting. *Valentive-Johnson v. Roche*, 386 F.3d 800, 811 (6th Cir. 2004); *see also Reynolds v. Comm'r*, 861 F.2d 469, 471-73 (6th Cir. 1988) (tax claim against husband judicially estopped where the I.R.S. had claimed that his estranged wife was liable and settled that claim with her before asserting claim against husband);

Thus, to the extent the Fireman's Fund contends that the courts in which it earlier has asserted that Ohio law applies had to make an explicit (or even an implicit) finding on that issue, I conclude that it errs. What matters is that Fireman's Fund "prevailed" in the litigation in which it had advanced that claim.

In a California proceeding, Fireman's Fund sought to stay a coverage suit against a subsidiary pending adjudication of related suits in Ohio. Fireman's Fund supported its request, in part, on the basis that Ohio law would be determinative. Though a California appellate court did not rule on the choice of law issue, it upheld the trial court's grant of a stay in the California proceedings. *Celotex v. American Ins. Co.*, 245 Cal. Rptr. 429 (App.1987). In doing so, it noted that Fireman's Fund had argued that its "policy will most likely be interpreted pursuant to Ohio law since that is where the policy was countersigned." *Id*.

Fireman's Fund repeated its contention about the application of Ohio law in this court in *American Ins. Co. v. Celotex Corp.*, No. 85-7997 (N.D. Ohio) (Doc.. 62, Attachment 6, at 17). Fireman's Fund likewise relied on Ohio case law in another asbestos-coverage case in this court. *Dana Corp. v. Fireman's Fund Inc. Cos.*, No. 83-1153 (*Id*., Attachment 8, at 6).

This court ruled in favor of Firemen's Fund, though without citing the case cited to it by Fireman's Fund. (*Id*., Attachment 9, at 3-4). Nonetheless, the decision appears to have relied on Fireman's Fund Ohio-law based argument that it was entitled to subrogation.

Finally, in *In re. Celotex Corp*. 222 B.R. 644, 646 (Bkrtcy. M.D.Fla. 1998), Fireman's Fund was a party to a stipulation, which a Bankruptcy Judge accepted, that Ohio law applied. Despite its own expressed reservations about doing so, the court based its decision on Ohio law. *Id*. at 650.

In light of these examples, I conclude that in other forums Fireman's Fund has advanced the proposition, contrary to that which it advances here, that Ohio law applies to the interpretation of the language of its policy. As importantly, one court explicitly relied on Ohio law following Fireman's Fund stipulation that such law was controlling, and two other courts implicitly accepted the contention that Ohio law was controlling by either noting the contention en route to upholding

5

the outcome sought by Fireman's Fund or deciding the case in Fireman's Fund favor without reference to the law of any other state.

Thus, Fireman's Fund argued for a result which prevailed. Therefore, arguing to the contrary in this case is inconsistent.

### B. Effect of Changing Law

Citing *Comm'r v. Sunnen*, 333 U.S. 591 (1948), and *Detroit Police Officers Ass'n v. Young*, 824 F.2d 512 (6th Cir. 1987), which involved claims of collateral estoppel, Fireman's Fund argues that arguments that might otherwise be barred by judicial estoppel (i.e., due to inconsistency) can be made where there has been an intervening change in the law. Changes in the law have been held to justify not imposing judicial estoppel. *Maui Land & Pineapple Co. v. Occidental Chemical Corp.*, 24 F.Supp.2d 1083, 1086 (D.Hawai'i,1998) ("Estoppel is inappropriate when a party is merely changing its position in response to a change in the law.") (*citing State of Ariz. v. Shamrock Foods Co.*, 729 F.2d 1208, 1215-16 (9th Cir.1984)).

According to Fireman's Fund, a majority of courts in the 1980s applied the "uniform contract interpretation" approach to insurance contracts. Under this approach, a court in a single state determines, on a nation-wide basis, whether there is coverage under a particular policy provision. *See generally Sandefer Oil & Gas, Inc. v. AIG Oil Rig of Texas,* 846 F.2d 319, 321 (5th Cir. 1988); *Gilbert Spruance Co. v. Pa. Mfrs. Ass'n Ins. Co.*, 629 A.2d 885, 889 (N.J. 1993).

Since then, some courts have adopted the "risk/liability" approach, which interprets coverage language in light of the particular risk and the law of the state in which the risk existed. *LaFarge Corp. v. Travelers Indemnity Co.*, 118 F.3d 1511, 1515-16 (11th Cir. 1997); *Millipore*

*Corp. v. Travelers Indemnity Co.*, 115 F.3d 21, 30-31 (1st Cir. 1997); *Reichold Chemicals, Inc. v. Hartford Accident & Indemnity Co.*, 703 A.2d 1132 1138-41 (Conn. 1997); *Hartford, supra, Gilbert Spruance, supra*; *Commercial Union Ins. Co. v. Porter Hayden Co.*, 698 A.2d 1167, 1205-06 (Md. Ct. Sp. App. 1997).

In addition, a Judge in this District has concluded that the "risk/liability" approach is preferable. *Babcock & Wilcox Co. v. Arkwright-Boston Mfg. Mutual Ins. Co.*, 867 F. Supp. 573, 581-82 (N.D. Ohio 1992). In that case the court concluded that Ohio courts, if presented with the issue, would apply § 193 of the Restatement when resolving coverage disputes in insurance contracts. 867 F. Supp. at 580.[2]

Dana responds by noting that the Sixth Circuit has not held or indicated that judicial estoppel is inappropriate where a party's inconsistent arguments have been prompted by a change in the law. Indeed, that court has expressed reservations about creating a "change-in-the-law" exception: acceptance of exceptions such as the "change-in-the-law" exception "to the applicability of judicial estoppel . . . [can] threaten to collapse the entire doctrine " *Teledyne Industries, Inc. v. N.L.R.B.*, 911 F.2d 1214, n.4 at 1218 (6th Cir. 1990).

---

[2]

Section 193 of the Restatement of Conflict of Laws, Second provides:

> The validity of a contract of fire, surety or casualty insurance and the rights created thereby are determined by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties, in which event the local law of the other state will be applied.

7

According to Fireman's Fund, Ohio courts have moved sufficiently in the direction of the "risk/liability" approach to choice of law issues in insurance coverage cases that they would apply that approach in this cases. My colleague in *Babcock & Wilcox* would have been willing to accept that contention. 867 F.Supp. at 580 (rejecting contention that Ohio Supreme Court has rejected application of § 193).

Both parties cite and discuss the Ohio Supreme Court's decision in *Ohayon v. Safeco Ins. Co. of Illinois,* 91 Ohio St.3d 474 (2001). That case involved a claim for under-insured motorists insurance. Confirming its prior decisions that choice of law disputes in insurance coverage cases are to be resolved under principles applicable to contracts as set forth in § 187 of the Restatement, *id*. at 480, the court concluded that the choice of law issue in that case could be resolved by consideration of the factors enumerated in § 188 of the Restatement *Id.* at 479.

Those factors, as summarized by the court in *Ohayon*, "focus[] on the place of contracting, the place of negotiation, the place of performance, the location of the subject matter, and the domicile of the contracting parties." *Id*. Of particular importance for this case, the court, citing § 193 of the Restatement, stated that the risk/liability approach is an appropriate benchmark in coverage cases:

> In insurance cases, this focus will often correspond with the Restatement's view that the rights created by an insurance contract should be determined "by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship * * * to the transaction and the parties."

*Id*.

In addition, the court noted that "[t]he principal location of the insured risk described in Section 193 neatly corresponds with one of Section 188's enumerated factors--the location of the

8

subject matter of the contract." *Id*. From this observation it appears that the Ohio Supreme Court views §§ 188 and 193 as complimentary, and encourages application of either provision or both provisions in combination in insurance cases.

Lower Ohio courts have read *Ohayon* as giving primacy to § 193 in resolving choice of law issues in coverage cases. *Byer v. Wright,* 160 Ohio App.3d 472, 476 (2005) (site of the insured risk is more significant than the insurer's residence or the place of negotiation); *Craft v. W. Res. Mut. Cas. Co.*, 2004 WL 1752826, *4 (Ohio App.) ("Although no one factor should be determinative, one factor, such as the location of the insured risk, may weigh more heavily than others, such as the place of contracting or the site of the accident."); *Sarka v. Love*, 2004 WL 816831, *3 (Ohio App.) ("In insurance cases, *the most significant contact* is the location of the subject matter, i.e., location of the insured risk.") (emphasis added); *McRoberts v. Kemper Risk Management*, 2003 WL 22358516, *1 (Ohio App.) ("rights created by an insurance contract *are ordinarily governed by the law of the principal location of the risks*. But courts should also consider the place of contracting; the place of negotiation; the place of performance; the location of the subject matter; and the domicile, residence, nationality, place of incorporation, and place of business of the parties.") (emphasis added); *McDonald v. Williamson,* 2003 WL 22922271, *5 (Ohio App.) ( "the 'principal location of the insured risk' is a critical consideration in determining the parties' expectations concerning which state's law will apply."); *Register v. Nationwide Mut. Fire Ins. Co.*, 2003 WL 1571597, *3 (Ohio App.) (under *Ohayon*, "rights created by an insurance contract should be determined '*by the law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy*,'" (emphasis in original).

In light of the extent to which Ohio's intermediate appellate courts have embraced *Ohayon*, I conclude that a change in the factors to be applied in determining choice of law questions in insurance coverage cases is at least underway, if not yet fully accomplished. Particularly given the apparent unanimity on the part of Ohio's intermediate appellate courts that have considered the issue since *Ohayon*, it appears that Ohio presently gives primary attention to the risk/liability factor when determining which state's law should apply.

I conclude, accordingly, that although Fireman's Fund has advanced inconsistent contentions with regard Ohio's choice of law principles applicable to coverage disputes, it is not, due to the changing, if not changed status of pertinent Ohio law, judicially estopped from arguing that New Jersey, rather than Ohio law applies in its coverage dispute with Dana.

## 2. Dana

Fireman's Fund claims that Dana should be judicially estopped from asserting that Ohio's choice of law principles lead to application of Ohio law in the instant coverage dispute because Dana persuaded courts in Indiana to apply a risk/liability approach in a coverage dispute involving a pollution exclusion in a Fireman's Fund policy. *Hartford Accident & Indemnity Co. v. Dana Corp.*, 690 N.E.2d 285 (Ind. App. 1997).

In response, Dana asserts that it should not be estopped from asserting that Ohio law applies because in *Hartford* it was simply attempting to persuade the Indiana courts that that state's choice of law rules would produce a favorable result. Though, apparently, the law was not in a visible state of change in that state, as it is now in Ohio, the risk/liability theory, as Fireman's Fund's brief makes clear, had been accepted elsewhere. I find nothing inconsistent in Dana's arguing in Indiana that its

10

choice of law mechanism should produce one result in another state while contending in Ohio that its choice of law mechanism should lead to a different result.

I conclude, accordingly, that Dana's advocacy of the risk/liability approach to resolving choice of law issues in Indiana does not preclude it from arguing in this case that Ohio choice of law doctrines require this court to apply Ohio law to the coverage dispute in this case.

## Conclusion

A couple of points remain. Dana urges this court not to act out of a misplaced sense of fairness in resolving the pending motions. My decision is based on my understanding of applicable choice of law principles and the doctrine of judicial estoppel. "Sauce for the goose, sauce for the gander" played no role in this decision.

Fireman's Fund contends, on the other hand, that fundamental fairness compels application of the risk/liability approach in this case. After all, Fireman's Fund asserts, Dana benefitted from its successful request to have that approach applied in the pollution exclusion case in Indiana – why should it not risk possible adversity from having that approach apply here?

The simple answer to that contention is that different policy provisions are at issue. When all is said and done, argued and heard, that fact may or may not affect the outcome of the choice of law dispute. For now, however, that fact should not and does not preclude full consideration and adjudication of that dispute, and a determination, through application of Ohio's choice of law principles, of what law applies.

I conclude, accordingly, that neither party is judicially estopped from arguing that Ohio's choice of law principles lead, on Fireman's Fund part, to application of the law of New Jersey, or, on Dana's part, to application of the law of Ohio.

It is, therefore,

ORDERED THAT Dana's motion to bar Fireman's Fund's Regarding Choice of Law (Doc. 62) be, and the same hereby is denied; and Fireman's Fund's cross-motion to Bar Dana From Abandoning its Prior Choice of Law Position (Doc. 79) be, and the same hereby is denied.

So ordered.

s/James G. Carr  
James G. Carr  
Chief Judge