IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Fireman's Fund Ins. Company,      Case No. 3:03CV7168

    Plaintiff

  v.      ORDER

Hartford Accident and Indemnity Co.,

    Defendant/Third-Party Plaintiff,

  v.

Dana Corporation,

    Third-Party Defendant,

This is a suit between two insurance companies that issued policies of insurance to the Dana Corporation. Plaintiff Fireman's Fund Insurance Company paid defense costs and settlement amounts on Dana's behalf. It has sued Hartford Accident and Indemnity Company, claiming to be entitled to contribution from Hartford for those defense costs and settlement amounts.

Hartford, in turn, sued Dana, claiming that, if it is liable to Fireman's Fund, Dana was ultimately responsible for any such liability to Fireman's Fund. Hartford contends, in other words, that anything it may owe to Fireman's Fund can be "passed through" to Dana.

Pending is a motion for determination of by the undersigned of whether New Jersey or Ohio law is controlling with regard to: 1) the contribution dispute between Fireman's Fund and Hartford and 2) Hartford's "pass through" claim as to Dana. That choice of law motion is fully briefed.

Shortly after the choice of law motion became decisional, Dana filed for bankruptcy. The Bankruptcy Court issued a stay order under 11 U.S.C. §362(a). This Court issued an Order calling on all parties to inform it of their views as to the effect of that stay order on this Court's ability to proceed further with this case.

The parties' views differ. Fireman's Fund contends that this court can proceed to adjudicate, at least, the choice of law issue between it and Hartford. Hartford and Dana contend that this Court either cannot under § 362(a) or should not, in the exercise of its discretion, proceed further pending either completion of the bankruptcy proceeding or release by that court of the stay vis-a-vis this proceeding or some part of it.

**Discussion**

Normally, a Bankruptcy Court's stay order under § 362(a) relates only to proceedings directly against the debtor – in this case, Dana. Such order does not automatically preclude further action in cases in which the debtor is a third party. *In re Delta Airlines*, 310 F.3d 953, 956 (6th Cir. 2002). Only where "unusual circumstances" exist can the stay order extend to actions directly involving only third parties. *See, e.g., Parry v. Mohawk Motors of Michigan*, 236 F.3d 299, 314 (6th Cir. 2000).

One circumstance that is accepted as sufficiently unusual exists where the interests of the debtor and a third party are "inextricably intertwined." *In re Eagle Pitcher Industries, Inc.*, 963 F.2d 855, 862 (6th Cir. 1992). Dana and Hartford argue, and I find their arguments persuasive, that their

2

interests are intertwined, and that a risk of prejudice to either or both arises if this court disregards the Bankruptcy Court's stay order, even to the limited extent urged by Fireman's Fund.

Hartford claims that it has no obligation to Fireman's Fund. It is also of the view that, even if it does, Dana, and not it, is fully responsible under its policies with Dana to satisfy any such obligation.

Dana claims that the pass through which Hartford asserts does not exist. But that fall-back assertion does not mean that it does not have a strong and substantial interest in arguing that Hartford owes Fireman's Fund no contribution in the first instance.

Indeed, the greater the confidence on Hartford's part in its ability to pass any obligation owed Fireman's Fund onto Dana, the less reason it has to be too concerned about or to contest too extensively Fireman's claims for contribution.

As a result, Dana feels compelled to respond actively and directly to Fireman's Fund's claim against Hartford. That, for Dana, is its outer, and perhaps stronger line of defense. If that line is breached, all may be lost for Dana.

Hartford contends, moreover, that its ability to collect on anything that it can pass through to Dana is assured, despite Dana's bankruptcy filing. That contention is based on the fact that Hartford, if it can pass its obligations to Fireman's Fund onto Dana, can draw down on certain letters of credit. If it were to do so, the assets underlying those letters of credit would be lost to Dana and its bankruptcy creditors.

The course of this litigation shows that Dana takes its need to protect its outer line of defense seriously. It has raised arguments against Fireman's Fund more thoroughly and vigorously than

3

Hartford. That fact, alone, shows that Dana's interests are intertwined with Hartford's. Indeed, in this case, they are not just intertwined: they are welded together.

It is not that defending against Fireman's Fund's claims does not matter to Hartford; it does matter to it. But it matters more to Dana. It has a paramount stake in extending the protection of the stay order to the Fireman's Fund/Hartford dispute.

I conclude that Dana's interests extend not just to any claim directly against it by Hartford, but as well, and just as much, to defending against the claims being asserted by Fireman's Fund against Hartford. Indeed, given Hartford's view that any obligation it may owe to Fireman's Fund simply passes through to Dana, Dana has a greater incentive to contest Fireman's Fund's claims than Hartford.

Thus, were I to proceed further with this case, Dana would be prejudiced by its absence due to the bankruptcy proceedings. Basic principles of due process compel a decision to stop, and to do so now.

In light of the foregoing, it is

ORDERED THAT:

1. Further proceedings in this case be, and they hereby are stayed pending further court order;

2. Parties to submit biennial status reports commencing December 30, 2006, or within four weeks of a development in the bankruptcy proceedings that in the view of any party affects this proceeding or the stay order issued herein.

So ordered.

                                                                            s/James G. Carr
                                                                            James G. Carr
                                                                            Chief Judge