# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Fireman's Fund Insurance Company,	Case No. 3:03CV7168

      Plaintiff

  v.	**ORDER**

Hartford Accident and Indemnity Company,

      Defendant/
        Third-Party Plaintiff

  v.

Dana Corporation,

      Third-Party Defendant

Pursuant to Rule 18 of the Rules of Practice of the Supreme Court of Ohio, the undersigned Sr. United States District Judge for the Northern District of Ohio, Western Division, hereby certifies a question of state law to the Ohio Supreme Court.

No controlling precedent of that Court answers this question, which is potentially dispositive of a major portion of the dispute between all parties in this case, and quite possibly will lead to resolution of this litigation.

I therefore respectfully ask the Supreme Court of Ohio to answer the certified question.

## Name of the Case

The name of the case is *Fireman's Fund Insurance Company* [Plaintiff] *v. Hartford Accident and Indemnity Company* [Defendant/Third-Party Plaintiff] v. *Dana Corporation* [Third-Party Defendant], No. 3:03CV7168.

## Statement of Facts and Circumstances

**From Which the Question of Law Arises**

**A. Background**

The Dana Corporation (Dana) acquired Smith & Kanzler Company (Smith & Kanzler), a manufacturer of asbestos containing building products, in 1966. Dana sold that company to a predecessor of the Celotex Corporation (Celotex) pursuant to a Stock Purchase Agreement (SPA) on February 18, 1969.

Fireman's Fund insured Dana from August 1, 1966 to June 1, 1978.

Hartford thereafter insured Dana from June 1, 1978 to June 1, 1986.

In the 1980s, owners of buildings containing Smith & Kanzler asbestos began suing Dana, claiming it was vicariously liable for remediation expenses of Smith & Kanzler asbestos.

On tender from Dana, Hartford defended some, while Fireman's Fund defended the majority – more than a 100 – of these "asbestos in building" (AIB) claims. Dana ultimately was held not to be liable for AIB claims based on Smith & Kanzler asbestos products. Before then, a small number of the building owners' AIB claims settled.

Celotex was also sued for AIB liabilities as a result of its ownership of Smith & Kanzler. Citing a provision of the 1989 SPA between it and Dana, Celotex brought three suits against Dana for indemnity by Dana under the SPA provision. In time, Fireman's Fund assumed responsibility for all three suits (though Dana initially had tendered one of those suits to Hartford).

Celotex became bankrupt. Its assets, including the claim against Dana for indemnity for Smith & Kanzler asbestos, vested in the Celotex Asbestos Settlement Trust (Celotex Trust).

The Celotex Trust sued Dana, claiming, as had Celotex, that in the 1989 SPA Dana had retained Smith & Kanzler's asbestos liabilities.

Dana demanded coverage from both Fireman's Fund and Hartford for the Celotex-derived indemnification claims which the Celotex Trust was asserting against Dana.

Hartford declined to participate in the defense of the Celotex Trust/Dana litigation. Fireman's Fund assumed responsibility for the defense of that litigation.

The Celotex Trust/Dana litigation ended in Dana's favor. That outcome relieved Dana of any liability from its past ownership of Smith & Kanzler. *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107 (6th Cir. 2001).

Fireman's Fund then brought this lawsuit, in which it seeks equitable contribution under Ohio law from Hartford, and thereby to have Hartford equitably share in the approximately $16.2 million Fireman's Fund expended disposing of the AIB claims and defending the Celotex Trust's claim under the 1989 SPA for indemnification from Dana.

### B. The Specific Issue: Application of O.R.C. § 2305.07 to Claims Between Insurers for Contribution

Among other defenses, Hartford claims that O.R.C. § 2305.07, which fixes a six year limitations period for "action[s] upon a contract not in writing, express or implied," bars any recovery by Fireman's Fund for most (about $13.5 million) of Fireman's Fund's contribution claim.

In *Pa. Gen. Ins. Co. v. Park–Ohio Indus.*, 126 Ohio St.3d 98 (2010), the Ohio Supreme Court resolved the issue of whether non-targeted insurers could use an insured's untimely notice of claims to a primary carrier as a defense to the primary carrier's later claim against the non-targeted insurers for contribution .

Holding that the untimeliness of notice to the primary carrier did not preclude that carrier from later seeking contribution from another insurer, the Court stated that a claim for equitable contribution between insurers is "not a contract action." *Id*. at 101.

3

In a recent decision in this case, *Fireman's Fund Ins. Co. v. Hartford Acc. and Indem. Co.*, 2011 WL 1303148 (N.D. Ohio), I rejected Hartford's contention that the six year statute of limitations of O.R.C. § 2305.07 applied to Fireman's Fund's claim against Hartford for equitable contribution. Among other reasons for my decision, I cited the Court's declaration in *Park-Ohio*, noted above, that a claim for contribution between insurers is "'not a contract action.'" 2011 WL 1303148, *3.

That express, unequivocal declaration, I concluded, called prior precedent "into question." *Id*.

That precedent is found, *inter alia*, in *Mallin v. Mallin*, 102 Ohio App.3d 717, 721 (1995), and cases cited therein.

In *Mallin*, the court concluded that "[c]ontribution is an equitable doctrine in which the law implies a contract between the parties." (citing *Baltimore & Ohio RR. Co. v. Walker*, 45 Ohio St. 577, 16 N.E. 475 (1888); *Travelers Indemn. Co. v. Trowbridge*, 41 Ohio St.2d 11, 321 N.E.2d 787 (1975)); *see also* 66 Oh. Jur. Limitations and Laches § 20 (Where there is no express contract for contribution, an action for contribution comes within the six-year limitation for actions upon implied contracts) (citing O.R.C. § 2305.07.).

Earlier decisions of the Ohio Supreme Court, indicating that equitable contribution involves an implied contract, would, if controlling in an action between insurers for equitable contribution, lead to application of the six-year limitations period of O.R.C. § 2305.07. But the Supreme Court's declaration in *Park-Ohio* that a claim for contribution between insurers is "not a contract action," if controlling, removes Fireman's claim for equitable contribution in this case from § 2305.07.

4

Thus, at present decisions of the Ohio Supreme Court point in two opposite and apparently irreconcilable directions.

None of the prior decisions of the Ohio Supreme Court has squarely, directly and definitively addressed, analyzed and answered the question being certified in this Order. It is, however, a question of great importance to insurers providing coverage in Ohio, Ohio insureds and citizens of this State.

## Question of Law to be Answered

Does the six-year limitations period set forth in O.R.C. § 2305.07 apply to a claim by one insurer against another insurer for equitable contribution?

## Names of the Parties

The parties are:

    Plaintiff: Fireman's Fund Insurance Company

    Defendant/Third-Party Plaintiff: Hartford Accident and Indemnity Company

    Third-Party Defendant: Dana Corporation

## Names, Addresses and Telephone Numbers of Counsel

Plaintiff Fireman's Fund Insurance Company:

    Todd C. Jacobs
    Paul A. Sheldon
    Jacob W. Harrell
    Grippo & Elden LLC
    111 South Wacker Drive
    Chicago, IL 60606
    312-704-7700
    Fax: 312-558-1195
    Email: docket@grippoelden.com

    Larry P. Meyer
    Manahan, Pietrykowski, DeLaney & Wasielewski

    414 North Erie Street
    P. O. Box 2328
    Toledo, OH 43603
    419-243-6148
    Fax: 419-241-7759
    Email: lmeyer@mpdwlaw.com

Defendant/Third-Party Plaintiff Hartford Accident and Indemnity Company:

    Dena Economou
    Karbal, Cohen, Economou, Silk & Dunne
    Ste. 1700
    150 South Wacker Drive
    Chicago, IL 60606
    312-431-3700
    Fax: 312-431-3670

    Peter N. Lavalette
    Robison, Curphey & O'Connell - Toledo
    9th Floor
    Four Seagate
    Toledo, OH 43604
    419-249-7900
    Fax: 419-249-7911
    Email: plavalette@rcolaw.com

Third-Party Defendant Dana Corporation:

    Richard S. Walinski
    Cooper & Walinski - Toledo
    900 Adams Street
    Toledo, OH 43604
    419-241-1200
    Fax: 419-242-5675
    Email: walinski@cooperwalinski.com

### Designation of Moving Party

Defendant/Third-Party Plaintiff is designated as the Moving Party, as it has, following my decision in *Fireman's Fund Ins. Co. v. Hartford Acc. and Indem. Co.*, 2011 WL 1303148 (N.D. Ohio), moved, *inter alia*, that I certify the question of law being certified herein.

**Order**

It is, therefore, hereby

ORDERED THAT the Clerk of the United States District Court for the Northern District of Ohio shall:

1. File this Certification Order under the seal of this Court with the Supreme Court of Ohio; and

2. Serve copies of this Order on counsel for the parties.

So ordered.

/s/ James G. Carr
Sr. United States District Judge
